IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERT PARHAM, #0694-22, | § § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:22-cv-2790-G-BN |
| WAYNE MCCOLLUM DETENTION CENTER, ET AL., | § § § § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Robert Parham, incarcerated at the Ellis County jail, filed a *pro se* civil rights complaint alleging that, in violation of the constitution, he was refused access to the jail's law library; he was assaulted by another inmate; and, when he asked for an investigation (presumably into that assault), he "was given a case." Dkt. No. 3.

Senior United States District Judge A. Joe Fish has now referred the complaint to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference. The Court granted Parham leave to proceed *in forma pauperis* under the Prison Litigation Reform Act (the PLRA). *See* Dkt. Nos. 4, 7. And Parham amended his claims though verified responses to a screening questionnaire. *See* Dkt. Nos. 5, 8.

The undersigned now enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss the complaint with prejudice unless,

within the time to file objections, Parham shows that leave to amend should be granted.

**Legal Standards**

Under the PLRA, where prisoners, whether incarcerated or detained pending trial, seek relief from a governmental entity or employee, a district court must, on initial screening, identify cognizable claims or dismiss the complaint, or any portion of the complaint, that "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1).

The fails-to-state-a-claim language of this statute (as well as of its sister statute, Section 1915(e)(2)(B)) "tracks the language of Federal Rule of Civil Procedure 12(b)(6)." *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998) (per curiam). And dismissal for failure to state a claim under either statute or under Rule 12(b)(6) "turns on the sufficiency of the '*factual* allegations' in the complaint," *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (per curiam) (quoting *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam)), as neither statute nor the Federal Rules of Civil Procedure "countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 574 U.S. at 11.

Instead, plaintiffs need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Id.* at 12 (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* And "[a] claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, a plaintiff must allege more than labels and conclusions, and, while a court must accept a plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*

This rationale has even more force here, as the Court "must construe the pleadings of *pro se* litigants liberally," *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006), "to prevent the loss of rights due to inartful expression," *Marshall v. Eadison*, 704CV123HL, 2005 WL 3132352, at *2 (M.D. Ga. Nov. 22, 2005) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980)).

But "liberal construction does not require that the Court ... create causes of action where there are none." *Smith v. CVS Caremark Corp.*, No. 3:12-cv-2465-B,

2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013). "To demand otherwise would require the 'courts to explore exhaustively all potential claims of a *pro se* plaintiff'" and would "'transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party.'" *Jones v. Mangrum*, No. 3:16-cv-3137, 2017 WL 712755, at *1 (M.D. Tenn. Feb. 23, 2017) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)).

In sum, "*[p]ro se* complaints receive a 'liberal construction.' Even so, 'mere conclusory allegations on a critical issue are insufficient.'" *Brown v. Tarrant Cnty., Tex.*, 985 F.3d 489, 494 (5th Cir. 2021) (quoting *Carlucci v. Chapa*, 884 F.3d 534, 538 (5th Cir. 2018), then *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989) (per curiam)).

## Analysis

Parham first alleges that he "was refused access to the law library as a pretrial inmate." Dkt. No. 3 at 4.

> Pretrial detainees and prisoners have an established constitutional right to access the courts. *See Bounds v. Smith*, 430 U.S. 817, 821 (1977). However, the [United States] Supreme Court's decision in *Bounds* did not establish that prisoners have a right to a law library or legal assistance. *See Lewis v. Casey*, 518 U.S. 343, 350 (1996). Rather, "prison law libraries and legal assistance programs are not ends in themselves, but only the means for assuring 'a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts.'" *Id.* at 351 (quoting *Bounds*, 430 U.S. at 825). Therefore, a prisoner alleging a violation of *Bounds* must demonstrate an actual injury. *Id.* According to the Supreme Court, the right to access the courts "rest[s] on the recognition that the right is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury

> by being shut out of court." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). Because of the actual injury requirement, "the underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Id.*

*Mendoza v. Strickland*, 414 F. App'x 616, 618 (5th Cir. 2011) (per curiam); *see also Hopkins v. Ogg*, 783 F. App'x 350, 354 (5th Cir. 2019) (per curiam) ("A prisoner's right of access to the courts is limited to 'the ability of an inmate to prepare and transmit a necessary legal document to a court.'" (citing *Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir. 1996); *Terry v. Hubert*, 609 F.3d 757, 761-62 (5th Cir. 2010) (applying this principle to pretrial detainees))).

First, insofar as Parham sought access to the law library to assist with his defense in a pending criminal proceeding, "the appointment of counsel for [the inmate] in that proceeding satisfies the constitutional requirements," *Story v. Ellis Cnty. Ct. 40th Dist.*, No. 3:19-cv-1994-B-BN, 2019 WL 5580143, at *3 (N.D. Tex. Aug. 30, 2019) (citing *Bounds*, 430 U.S. at 828, 830-31; *Lewis*, 518 U.S. at 351-52), *rec. accepted*, 2019 WL 5579468 (N.D. Tex. Oct. 29, 2019). *Cf. Degrate v. Godwin*, 84 F.3d 768, 769 (5th Cir. 1996) (per curiam) ("Guided by *Bounds*, many federal circuit courts have held that a prisoner who knowingly and voluntarily waives appointed representation by counsel in a criminal proceeding is not entitled to access to a law library." (collecting cases)).

Regardless, the facts in support of Parham's access claim fail to plausibly allege a constitutional violation under the applicable standards. *See, e.g.*, *Hopkins*, 783 F. App'x at 354 ("[A] prisoner must show that 'his position as a litigant was prejudiced by his denial of access to the courts.' Hopkins has made no showing of

prejudice as he does not explain how he would have proceeded with access to a law library, what claims he would have raised, or how those claims would have been meritorious. Accordingly, Hopkins has not established that the district court erred in dismissing his claim for denial of access to the courts." (quoting *Eason*, 73 F.3d at 1328; citing *id.*; *Terry*, 609 F.3d at 762; *Iqbal*, 556 U.S. at 678)).

Parham next alleges that he "was physically assaulted by a mental inmate" and appears to allege that jail officials are liable for "housing a mental inmate with [him] after [the other inmate] assault[ed him] repeatedly." Dkt. No. 3 at 4.

"It is well established that prison officials have a constitutional duty to protect prisoners from violence at the hands of their fellow inmates." *Johnson v. Johnson*, 694 F. App'x 945, 946 (5th Cir. 2017) (per curiam) (quoting *Longoria v. Texas*, 473 F.3d 586, 592 (5th Cir. 2006) (citing, in turn, *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994))).

"This duty is derived from the prohibition of 'cruel and unusual punishments' in the Eighth Amendment." *Williams v. Hampton*, 797 F.3d 276, 280 (5th Cir. 2015) (en banc) (footnotes omitted); *accord Jason v. Tanner*, 938 F.3d 191, 195 (5th Cir. 2019) ("[A]s we reiterated in *Williams*, 'prison officials have a duty to protect prisoners from violence at the hands of other prisoners.'" (footnote omitted)).

> The Supreme Court has explained that "[i]t is not, however, every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety." The Court has made clear "that a prison official violates the Eighth Amendment only when two requirements are met." One is that "the deprivation alleged must be, objectively, 'sufficiently serious.'" "For a claim ... based on a failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of

> serious harm." "The second requirement follows from the principle that 'only the unnecessary and wanton infliction of pain implicates the Eighth Amendment.'" "To violate the Cruel and Unusual Punishments Clause, a prison official must have a 'sufficiently culpable state of mind.'" The Supreme Court has explained that "[i]n prison-conditions cases, that state of mind is one of 'deliberate indifference' to inmate health or safety."

*Williams*, 797 F.3d at 280.

The United States Court of Appeals for the Fifth Circuit "has based its Fourteenth Amendment case law concerning pretrial detainees on the Supreme Court's Eighth Amendment precedent concerning prisoners. Among those borrowings is our understanding of subjective deliberate indifference." *Garza v. City of Donna*, 922 F.3d 626, 634 (5th Cir. 2019) (citations omitted); *see, e.g.*, *Oliver v. Gusman*, ___ F. Supp. 3d ___, Civ. A. No. 18-7845, 2020 WL 1303493, at *3 & n.15 (E.D. La. Mar. 19, 2020) (noting that "[t]o establish a violation of this right, a detainee must show (1) 'that he is incarcerated under conditions posing a substantial risk of serious harm,' and (2) that the prison official acted with 'deliberate indifference to inmate health and safety'"; that, "[i]n this context, deliberate indifference contains a subjective requirement; a plaintiff must show that (1) the prison official was 'aware of facts from which the inference could be drawn that a substantial risk of serious harm exists,' and (2) the official 'must also draw the inference'"; and that the subjective standard still applies to pretrial detainees in this circuit even after *Kingsley v. Hendrickson*, 576 U.S. 389 (2015) (citing *Alderson v. Concordia Par. Corr. Facility*, 848 F.3d 415, 419 n.4 (5th Cir. 2017); citations omitted)).

So deliberate indifference is, in sum, "a degree of culpability beyond mere negligence or even gross negligence; it must amount to an intentional choice, not

merely an unintentionally negligent oversight." *Alvarez v. City of Brownsville*, 904 F.3d 382, 391 (5th Cir. 2018) (en banc) (quoting *James v. Harris Cnty.*, 577 F.3d 612, 617-18 (5th Cir. 2009) (quoting, in turn, *Rhyne v. Henderson Cnty.*, 973 F.2d 386, 392 (5th Cir. 1992))).

First, insofar as Parham fails to allege physical injuries, under the PLRA, "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)." 42 U.S.C. § 1997e(e); *see, e.g., Bernard v. Tong*, 192 F.3d 126, 1999 WL 683864, at *1 (5th Cir. Aug. 9, 1999) (per curiam) ("Bernard's complaint alleges mental injuries, but fails to allege any physical injuries. Thus his action is barred under the PLRA." (citations omitted)).

Any request for compensatory damages should therefore be dismissed. *See, e.g., Barrett v. Washington Cnty., Miss.*, No. 4:07CV14-P-A, 2007 WL 47497, at *1 (N.D. Miss. Feb. 9, 2007) ("The plaintiff's case must be dismissed because he has suffered no physical injury. A *pro se* prisoner plaintiff in a case filed under 42 U.S.C. § 1983 must allege more than *de minimis* physical injury to state a claim for psychological or emotional damages – regardless of the nature of the claim. *Geiger v. Jowers*, 404 F.3d 371 (5th Cir. 2005), 42 U.S.C. § 1997e(e). In this case, the plaintiff has alleged no physical injury, and, indeed, could not reasonably do so given the nature of this claim. Therefore, monetary damages are not available to him. Further, as he has not requested injunctive relief, no relief is available to him, and the instant

case shall be dismissed with prejudice for failure to state a claim upon which relief could be granted.").

Regardless, Parham has not alleged facts to support (or from which it may be inferred) that any jail official acted with deliberate indifference. First, Parham's allegations fail to include facts from which the Court may at least infer that, objectively speaking, he has suffered a sufficiently serious deprivation at the hands of another inmate. And, as to any jail official, Parham has not plausibly alleged that one acted with deliberate indifference – that is, that an official made an intentional choice to not protect him.

Parham finally alleges that, after the assault, he "asked for a criminal investigation to be conducted and was given a case for asking for a criminal investigation to be conducted for asking about housing a mental inmate with me after assaulting me repeatedly." Dkt. No. 3 at 4.

Insofar as these allegations should be construed as asserting a constitutional violation based on the jail's grievance procedures, Parham does not have a constitutional right to have grievances resolved to his satisfaction. *See Geiger*, 404 F.3d at 373-74 ("As he relies on a legally nonexistent interest, any alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless."); *see also Mahogany v. Miller*, 252 F. App'x 593, 595 (5th Cir. 2007) (per curiam) (holding that the plaintiff had no actionable 42 U.S.C. § 1983 claim based on prison officials' failure to process his grievances because he had no protected liberty interest in the processing of grievances); *Lijadu v. I.N.S.*, Civ. A. No. 06-0518, 2007

WL 837285, at *3 (W.D. La. Feb. 21, 2007) ("[D]etainees do not have a constitutionally protected right to a grievance procedure – much less one that complies with their own personal preferences." (citation and internal quotation marks omitted)).

> A prison system is not required to establish grievance procedures, and the failure of a jail or prison to establish or adhere to a grievance procedure does not rise to the level of an actionable constitutional claim. Accordingly, inmates have no basis for a civil rights lawsuit simply because they are unhappy with grievance procedures. [So a court should dismiss associated claims] with prejudice, as allowing [leave] to amend the grievance claim would be futile.

*Cornett v. Edge*, No. 3:20-cv-89-M-BN, 2020 WL 890387, at *2 (N.D. Tex. Jan. 16, 2020) (citing 42 U.S.C. § 1997e(b); *Archie v. May*, Civ. No. 13-3185, 2014 WL 993506, at *3 & n.1 (W.D. La. Mar. 13, 2014) (collecting cases)), *rec. accepted*, 2020 WL 888535 (N.D. Tex. Feb. 24, 2020).

And, to the extent that Parham may allege that he was retaliated against for requesting an investigation, in violation of the constitution, "'[p]rison officials may not retaliate against prisoners for exercising their constitutional rights,' including their 'First Amendment right to file grievances.'" *Petzold v. Rostollan*, 946 F.3d 242, 252 (5th Cir. 2019) (quoting *Butts v. Martin*, 877 F.3d 571, 588 (5th Cir. 2017)).

> But to succeed on a retaliation claim, the prisoner must overcome a "significant burden." The prisoner must prove that (1) he or she exercised a constitutional right to which (2) the official *intended* to retaliate against, and (3) the prisoner's constitutional exercise *caused* (4) the official to commit a retaliatory act that was more than de minimis. To prove intent and causation, the prisoner must at least establish a "chronology of events from which retaliation may be plausibly inferred."

*Id.* (footnotes omitted).

Parham need not prove each of these elements at this time. But he must

provide enough <u>facts</u> (not conclusions) to plausibly allege that each element is present. *Cf. Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 766-67 (5th Cir. 2019). Because Parham has not, this claim should be dismissed.

The Court should therefore dismiss the complaint, in full, with prejudice.

That said, if Parham believes that he has not yet stated his best case as to any claim discussed above – which means, after considering the notice provided above, Parham believes he knows of more facts that he can assert to allege a plausible claim – the time to file objections (further explained below) allows him an opportunity to explain how he would cure the deficiencies identified above and thus show the Court that his case should not be dismissed with prejudice at this time and that the Court should instead grant him leave to amend his claims. *See Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) (per curiam) ("A court should freely give leave to amend when justice so requires, FED. R. CIV. P. 15(a)(2), but a movant must give the court at least some notice of what his or her amendments would be and how those amendments would cure the initial complaint's defects. *Thomas v. Chevron U.S.A., Inc.*, 832 F.3d 586, 590 (5th Cir. 2016). If the plaintiff does not provide a copy of the amended complaint nor explain how the defects could be cured, a district court may deny leave. *McKinney v. Irving Indep. Sch. Dist.*, 309 F.3d 308, 315 (5th Cir. 2002) (affirming denial of leave to amend where plaintiffs 'failed to amend their complaint as a matter of right, failed to furnish the district court with a proposed amended complaint, and failed to alert both the court and the defendants to the substance of their proposed amendment').").

## Recommendation

The Court should dismiss the complaint with prejudice unless, within the time to file objections, Plaintiff Robert Parham shows that leave to amend should be granted.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 10, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE